UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS P. A.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05340-RLP<br><br>ORDER DENYING MOTION TO ENFORCE |

Before the Court is Petitioner Luis P.A.'s ("Petitioner") Motion to Enforce this Court's Habeas Order. ECF No. 9. This Court previously granted in part Mr. P.A.'s habeas petition and ordered a bond hearing be provided. He received a bond hearing and immigration judge denied bond. Mr. P.A. now argues the bond hearing did not satisfy the constitutional requirements established by this Court's order. Respondent opposes the motion because Petitioner did not exhaust his administrative remedies by appealing the bond decision to the BIA and, regardless, Respondent asserts his detention remains constitutional. As set forth below,

because there was no abuse of discretion by the immigration judge, the motion is denied.

## BACKGROUND

Detailed background was set forth in this Court's previous order. ECF No. 6. On June 14, 2025, Petitioner was taken into federal custody in Miami, Florida, and is now located at the California City Detention Facility.

Petitioner filed a petition for writ of habeas corpus on July 10, 2026. ECF No. 1. On July 28, 2026, this Court granted his habeas petition and ordered that Petitioner be provided with an individualized bond hearing before an immigration judge within 14 days of the date of the order. ECF No. 6. On August 10, 2026, Petitioner appeared at a bond hearing represented by counsel. The immigration judge denied bond based on the finding that "the Department proved by clear and convincing evidence that Respondent would be a flight risk if released." ECF No. 14-9 at 1. Petitioner did not appeal the immigration judge's order regarding bond to the BIA.

On August 25, 2026, an Order of Removal was issued. Petitioner's appeal of that order is now pending.

On August 31, 2026, Mr. P.A. filed this Motion to Enforce. ECF No. 9. Respondent filed two Notices of Compliance, a digital audio recording of the bond hearing, and a Response opposing the motion. ECF Nos. 8, 11, 13, 14.

LEGAL STANDARD

This Court has authority to ensure compliance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

When reviewing an immigration custody determination in habeas proceedings, the district court applies an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). The district court "cannot reweigh evidence but can only determine whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence." *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021), *aff'd sub nom. Quan v. Garland*, No. 21-15416, 2022 WL 576215 (9th Cir. Feb. 25, 2022).

ANALYSIS

Petitioner contends the bond hearing granted pursuant to this Court's order

did not comply with the Court's order intended to protect his due process rights. ECF No. 9. Respondent argues: (1) Petitioner has not exhausted administrative relief; (2) Petitioner's detention remains lawful and constitutional as he has not pointed to any circumstances warranting additional procedure or any unconstitutional failure of the procedures in this case. ECF No. 11.

Exhaustion of Administrative Remedies

As an initial matter, Petitioner apparently did not appeal the outcome of the bond hearing to the BIA. Normally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, because this is a motion to enforce the Court's prior judgment, the Court waives the prudential exhaustion requirement for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Nonetheless, the Court considers only whether the bond hearing was constitutionally adequate as required by its prior order, and, as noted above, may not review discretionary decisions made by the immigration judge.

Adequacy of Bond Hearing

The Court has reviewed the parties' submissions, including the digital audio

recording of the August 10, 2026 bond hearing. The Court concludes that that Petitioner has not demonstrated that Respondent failed to comply with its prior habeas order or that the immigration judge abused his discretion in such a way as to violate Petitioner's due process rights. Petitioner contends that he presented evidence of support, proposed sponsors, and testimony regarding the factors to be considered by the IJ under *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), but the IJ failed to meaningfully apply the relevant legal standards and instead relied on speculation, unsupported factual inferences, and considerations contrary to governing law.

The Court disagrees with Petitioner. The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge within 14 days. The government complied with the order. Petitioner appeared before an immigration judge and received a ruling denying bond. The immigration judge stated at the beginning of the hearing that Respondent had the burden of proof to show by clear and convincing evidence that Petitioner poses either a danger to the community or a flight risk and at the end of the hearing that the government met its burden. If the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court should accept that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro*

*v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The Court finds no indication of irregularity in the immigration judge's decision. An immigration judge has broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Guerra*, 24 I. & N. Dec. at 40. The non-exhaustive factors include: whether the person has a fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*.

Here, the IJ applied the correct legal standard, cited *Guerra*, and considered appropriate factors in denying bond based on Petitioner's risk of flight. Specifically, the IJ considered Petitioner's relatively short length of residence, lack of fixed address, evidence of family ties, lack of employment history, lack of ties to any specific community, his legal manner of entry, and other factors. The IJ considered that some factors favor Petitioner but found the overall weight of the evidence showed that Respondent met its clear and convincing burden. The IJ's discussion of the evidence was specific and individualized. *See* ECF No. 13.

To the extent that Petitioner challenges the immigration judge's weighing of the evidence, the Court lacks the ability to "second-guess the immigration judge's

weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about the weighing of specific pieces of evidence and the ultimate the conclusion the immigration judge reached must be presented through the normal immigration appeal process. *See Valenzuela v. Semaia,* Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). Petitioner did not appeal the IJ's bond determination and this Court's review is limited.

The immigration judge's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find that Respondent failed to comply with its Order. Therefore, Petitioner has received due process.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Enforce, **ECF No. 9**, is **DENIED**.

A copy of this Order shall be transmitted to Petitioner by mail. The file is CLOSED.

**DATED** October 7, 2026.

REBECCA L. PENNELL
United States District Judge